United States District Court
District of Massachusetts

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MICHAEL DAVID SCOTT, )<br>)<br>Defendant. )<br>) | Criminal Action No.<br>14-10074-NMG |

MEMORANDUM & ORDER

GORTON, J.

I. **Background**

In March, 2014, defendant Michael David Scott ("defendant") was indicted on five counts of wire fraud, in violation of 18 U.S.C. § 1343. Defendant was a licensed real estate broker and the owner and operator of The Crawford Group, LLC, a real estate sales, rentals, leasing and consulting company in Quincy, Massachusetts. Between February, 2011 and October, 2013, defendant allegedly embezzled $199,000 from a married couple, who were induced to give him deposits for the purchases of residential properties in Roxbury, Randolph and Jamaica Plain, Massachusetts. Defendant failed to disclose to the couple that each of the three properties had been sold to other buyers and defendant allegedly withdrew and expended the funds for his own use.

-1-

## II. Motion to Dismiss the Indictment on Speedy Trial Grounds

On October 27, 2015 defendant filed the pending motion to dismiss his indictment on speedy trial grounds, citing both the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the Sixth Amendment to the United States Constitution. On November 13, 2015 defendant filed a supplemental motion to dismiss which elaborated on his pending arguments.

### A. Defendant's Speedy Trial Act Claim

#### 1. Legal Standard

The Speedy Trial Act ("the Act"), 18 U.S.C. § 3161 et seq., implements the Sixth Amendment's guarantee to a speedy trial. It sets a 70-day limit on the time that may elapse between the filing of criminal charges and the trial of the accused. Id. § 3161(c)(1). The 70-day "clock" begins either with the defendant's indictment or initial appearance, whichever is last to occur. Id. If the defendant is not brought to trial within the requisite period, he may move to dismiss his indictment. Id. § 3162(a)(2). The defendant bears the burden of proving that the statutory timeline was exceeded. Id.

The Act also sets out periods of time which shall be excluded from the 70-day clock. Notable for purposes of this case are three categories of time. First, the Act excludes

> delay resulting from any pretrial motion, from the
> filing of the motion through the conclusion of the

-2-

> hearing on, or other prompt disposition of, such
> motion.

Id. § 3161(h)(1)(D). Second, it excludes

> delay reasonably attributable to any period, not to
> exceed thirty days, during which any proceeding
> concerning the defendant is actually under advisement
> by the court.

Id. § 3161(h)(1)(H). Those two excluded periods are automatic, and therefore the Court does not need explicitly to order the exclusion of time which falls into either one of them. United States v. Noone, 913 F.3d 20, 25 n.4 (1990) (citing United States v. Elkins, 795 F.2d 919, 923 (11th Cir. 1986) ("That the district court did not enter an order excluding this period is irrelevant. When Congress wanted the district court to make specific findings as to excludability, it did so explicitly.")).

Third, periods of delay may be excluded under the Act

> if the judge granted such continuance on the basis of
> his findings that the ends of justice served by taking
> such action outweigh the best interest of the public
> and the defendant in a speedy trial.

Id. § 3161(h)(7)(A). This third exclusion differs from the first two because it requires that

> the court se[t] forth, in the record of the case,
> either orally or in writing, its reasons for finding
> that the ends of justice served by the granting of
> such continuance outweigh the best interests of the
> public and the defendant in a speedy trial.

Id. While findings are required to support exclusions under this provision, the Act does not specify the manner

in which those findings must be set forth. For instance, if one of the parties files a written motion to exclude a period of time under this provision and therein lays out suggested findings which would support the exclusion, the Court may adopt those findings by allowing the motion. See United States v. Pakala, 568 F.3d 47, 60 (1st Cir. 2009).

With respect to the timing of the Court's findings, "the Act does not allow a district court to retroactively grant an ends-of-justice continuance." United States v. Williams, 511 F.3d 1044, 1055 (10th Cir. 2007). Therefore, the required "findings must be made, if only in the judge's mind, before granting the continuance." Zedner v. United States, 547 U.S. 489, 506-07 (2006). Those findings do not, however, have to be set forth in the record at the time they are made. "Ends of justice" findings satisfy the statutory requirement so long as they are disclosed in the record by the time a court issues its decision on the defendant's motion to dismiss. United States v. Carpenter, 781 F.3d 599, 619 (1st Cir. 2015).

### 2. Analysis

An examination of the record shows that nearly every segment of time from defendant's initial appearance until his trial was properly excluded under the Speedy Trial Act, either orally at a hearing or through a written order. Because defendant offers the same over-arching arguments with respect to

several different time periods, the Court's analysis will divide the time into three segments based on the applicable issues.

### a. Period from Defendant's Arraignment to the Initial Status Conference

The Speedy Trial clock began to run in defendant's case on March 25, 2014, the day of Scott's arraignment. The parties agree that the day of defendant's arraignment does not count toward the 70-day timeline. United States v. Santiago-Becerril, 130 F.3d 11, 16 (1st Cir. 1997). Therefore the first period disputed by defendant is from March 26, 2014 through May 15, 2015, when Scott appeared before the Magistrate Judge for an initial status conference. For the reasons discussed below, the Court finds that this period was properly excluded.

In his memorandum, defendant asserts that time cannot be excluded under any provision of the Act unless the government files a written motion, signed by the defendant, stating the reasons for the exclusion and the Court provides written findings in support thereof. There are numerous problems with that assertion:

1. First and foremost, nowhere in the Act is such a requirement mentioned. While 18 U.S.C. § 3161(h)(7)(A) requires the Court to make findings on the record supporting an "ends of justice" exclusion, that provision contains no requirement that any written motion, signed by either party, be

filed with the court. In fact, the statute expressly provides that time may be excluded by a judge on his own motion in which case no request from a party would be necessary.

2. The statute also states that the Court's reasons for the exclusion of time from the Act may be set forth either orally or in writing.

3. Courts are only required to set forth findings when excluding time under the "ends of justice" provision, 18 U.S.C. § 3161(h)(7)(A). No findings are required to support exclusions under 18 U.S.C. § 3161(h)(1)(D) and (H).

Indeed, at oral argument defendant conceded many of these points and instead assumed a more nuanced position. Counsel argues that the subject period cannot be excluded because the Magistrate Judge never ordered it excluded and never set out findings that exclusion of the period would support the "ends of justice." The Court holds, however, that because this period is automatically excludable under 18 U.S.C. § 3161(h)(1)(D) and (H) neither a formal order of exclusion nor findings supporting that exclusion were required.

The record from the arraignment reflects that defendant consented at that hearing to the local rule provision with respect to automatic discovery procedures. That is significant because under Local Rule 116.1(b) of the United States District

Court for the District of Massachusetts, failure of a defendant to waive automatic discovery means that the defendant

> shall be deemed to have consented to the exclusion of time for Speedy Trial Act purposes as provided in Local Rule 112.2(a).

Local Rule 112.2(a)(1) provides that the period from arraignment to the initial status conference, during which time automatic discovery is to occur, is excludable from the Speedy Trial Act clock.

The rule also specifically states that the grounds for the exclusion are 18 U.S.C. §§ 3161(h)(1)(D), (h)(1)(H) and (h)(7)(A). Because the period is excludable under subsections (D) and (H), which are automatic exclusions, no order or statement of findings to support an "ends of justice" exclusion were required. Consequently, the period after arraignment was properly excluded regardless of whether the Magistrate Judge ordered the exclusion or set forth her findings.

### b. Period from the Initial Status Conference to the Second Status Conference

The second period of time disputed by defendant runs from the May 15, 2014 initial status conference to the second status conference on July 9, 2014. The audio recording and docket entry from the May 15, 2014 initial status conference reflect that at the hearing, counsel for both parties conferred and requested that the Magistrate Judge set a date for a further

status conference. The Magistrate Judge asked the parties whether they consented to exclude the time between the conferences, and counsel agreed. She then instructed the government to file an assented to motion to exclude the time.

Defendant contends that the dialogue at the initial status conference did not constitute an order by the Magistrate Judge to exclude the time. Instead, defendant views it as an instruction to the government, the fulfillment of which was a prerequisite to her final determination. The Court finds that interpretation strained. The record is sufficiently clear that, by asking for the parties' consent to the exclusion, the Magistrate Judge had already made the requisite findings and intended to order the exclusion through the parties' consent. The purpose of the request for a written motion was merely to assist in memorializing the order and the judicial officer's supporting findings on the record.

Defendant's second argument with respect to this period is, however, more persuasive. While the Magistrate Judge likely made the requisite findings, "if only in [her] mind," before ordering the time excluded at the initial status conference, her findings were never explained in the record. The audio recording of the hearing reveals that the Magistrate Judge did not set forth findings orally to support an "ends of justice" continuance. In addition, the government did not file the

requested motion to exclude the time and therefore the Magistrate Judge did not set forth her findings by virtue of the adoption of such a motion. Nor did she file written findings on her own. As such, the time cannot be excluded under 18 U.S.C. § 3161(h)(7)(A). Given that no motions were then under consideration by the Court, the time cannot be excluded under one of the automatic provisions of 18 U.S.C. § 3161(h)(1).

At oral argument, the government maintained that defendant should be estopped from disputing the validity of the exclusion of periods of time when he had explicitly consented to and benefited from the exclusion and resulting continuance. Judicial estoppel cannot, however, override a statutory requirement. See Pakala, 568 F.3d at 59-60 (conditioning the availability of judicial estoppel on the district court's articulation of findings to support an "ends of justice" continuance). Because the subject period cannot be properly excluded under any of the provisions of 18 U.S.C. § 3262(h), the 55 days that elapsed between those two status conferences will be counted under the Speedy Trial Act.

### c. Period from the Second Status Conference Until the Scheduled Trial Date

The balance of the time, between the July 9, 2014 status conference and defendant's scheduled January 4, 2016 trial date, breaks down into a dozen smaller periods that elapsed between

hearings and filings. All of those periods, however, will be excluded under at least one if not multiple overlapping justifications.

As an initial matter, the excludability of some of the subsequent periods is either uncontested or has been conceded by Scott. Defendant's motion did not dispute the excludability of the period from April 14, 2015 to October 13, 2015. Moreover, at oral argument defendant conceded the excludability of the period from October 13, 2015 to January 4, 2016.

Most segments of time during that period were also properly excluded under 18 U.S.C. § 3161(h)(7)(A). The intervals from July 9, 2014 to July 28, 2014 and September 25, 2014 to April 14, 2015, were ordered excluded by the Magistrate Judge at a hearing. That order was followed by a written motion by the government specifying proposed "ends of justice" findings, which the Magistrate Judge adopted by allowing the motion. Similarly, the Magistrate Judge properly excluded the periods from August 28, 2014 to September 25, 2014 and April 28, 2014 to October 13, 2015 by allowing prospectively filed motions to exclude the time and adopting the proposed findings in those orders. Finally, the period from October 13, 2015 to January 4, 2015, which was excluded by this Court's own motion, again involved findings

made at the time of the continuance which were later set forth in writing on the record.

At oral argument, defendant asserted that the reasoning set forth to justify the excluded time was insufficient. He maintains that the Magistrate Judge's exclusion of time according to the agreement of the parties, as well as the reasoning adopted by the judicial officer from the government's motions, failed adequately to consider "the best interests of the public," and not just those of the defendant, in a speedy trial. See 18 U.S.C. § 3262(h)(7)(A).

In support of his assertion, Scott cites the decision of the U.S. Supreme Court in Zedner invalidating a prospective waiver of a defendant's rights under the Speedy Trial Act because it disregarded the interest of the public in a speedy trial. 547 U.S. at 501. That decision is inapposite. First, the discrete periods of excluded time in this case have much less potential for obstructing the timeliness mandated by the United States Constitution than does a prospective waiver. Second, none of the public interests enumerated by the Court in that case is threatened here. Those interests include

> reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment.

Id. Because defendant has been detained throughout the course of this case, he has had no opportunity to commit further crimes. In addition, given that detention is one of the primary punishments for defendant's alleged crime, pretrial delay should not impair the deterrent effect of defendant's sentence if he is convicted.

Further, when the Magistrate Judge decided to exclude those periods of time, she did so pursuant to the factors set forth in the Speedy Trial Act relevant to an "ends of justice" continuance. See 18 U.S.C. § 3262(h)(7)(B). It seems unlikely that Congress would have instructed courts to consider those factors if they did not adequately account for the public interest. As such, Scott's contention that the Magistrate Judge failed to weigh the public's interest adequately is unavailing.

Finally, several segments of time during the extended period before the scheduled trial are independently excludable under 18 U.S.C. § 3262(h)(1)(D) and (H):

1. the period while the government's motion to detain Scott was pending before the Magistrate Judge, i.e. from his initial appearance and arraignment on March 25, 2014 until he voluntarily submitted to detention on April 11, 2014;

2. the period from July 22, 2014, when Scott filed a motion for release from custody, until August 30, 2014, which Scott

acknowledges as the end of the Court's "30 day advisement period" for that motion;

3. the period of time during which there was an ongoing dispute regarding a conflict of interest of Scott's original counsel in this case, i.e. commencing when that counsel first entered his appearance on March 25, 2014 and ending 30 days thereafter; and

4. the 30-day period beginning when Scott's second set of lawyers filed a motion to withdraw on July 13, 2015.

The Court concludes that only the period from May 15, 2014 to July 9, 2014 was not properly excluded under the Speedy Trial Act. Because that 55-day period does not exceed the 70-day statutory clock, defendant's motion for dismissal under the Speedy Trial Act will be denied.

### B. Defendant's Sixth Amendment Claim

In his initial motion to dismiss, defendant suggests, in passing, the Sixth Amendment to the United States Constitution as another basis supporting dismissal. Scott fails to demonstrate that any constitutional right has been violated by the delay in this case, however, and therefore the indictment will not be dismissed on the basis of such a claim.

To determine whether the defendant's Sixth Amendment right to a speedy trial has been violated, the Court conducts a balancing test in which it weighs four factors: 1) the length of

the delay of the trial, 2) the reasons given for the delay, 3) the defendant's assertion of his right to a speedy trial and 4) the resulting prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

The pretrial delay in this case is certainly long enough to be considered presumptively prejudicial and therefore the Court's analysis must proceed to the other three factors. United States v. Munoz, 487 F.3d 25, 60 (1st Cir. 2007). Those factors do not, however, weigh in defendant's favor. With respect to the second factor, much of the delay occurred for the benefit of the defendant. For instance, at three status conferences between December 10, 2014 and April 14, 2015 the government reported to the Magistrate Judge that discovery had been completed and the case was ready to go to trial. Defense counsel, however, requested a continuance and a further status conference which the Magistrate Judge granted. In addition, the Court continued the scheduled trial date from October 13, 2015 to January 4, 2016 to accommodate Scott, who moved to replace his counsel, and his new counsel who needed time to prepare for trial.

With respect to the third prong of the test, far from asserting his right to a speedy trial, defendant himself requested several of the continuances in this case. As described above, he also failed to submit the financial

affidavit required to resolve his request for appointed counsel, leaving his attorney's motion to withdraw pending for months without resolution.

Finally, defendant has proffered no argument as to how the delay has prejudiced him. The U.S. Supreme Court has identified three main interests which the Sixth Amendment's prohibition on excessive delay was designed to protect:

> (i) [preventing] oppressive pretrial incarceration;
> (ii) [minimizing] the anxiety and concern of the accused; and (iii) [limiting] the possibility that the defense will be impaired.

Barker, 407 U.S. at 532. Defendant has not so much as mentioned any prejudice with respect to such interests in his motion. Therefore, his Sixth Amendment claim will be denied.

### ORDER

For the foregoing reasons, defendant Scott's motion to dismiss for lack of a speedy trial (Docket No. 86) and his supplemental motion to dismiss for lack of a speedy trial (Docket No. 89) are **DENIED**.

**So ordered.**

                                               /s/ Nathaniel M. Gorton
                                               Nathaniel M. Gorton
                                               United States District Judge

Dated December 14, 2015