United States District Court
District of Massachusetts

|                              |   |                      |
|------------------------------|---|----------------------|
| United States of America,    | ) |                      |
|                              | ) |                      |
| v.                           | ) |                      |
|                              | ) | Criminal Action No.  |
| Michael David Scott,         | ) | 14-cr-10074-NMG      |
|                              | ) |                      |
| Defendant.                   | ) |                      |
|                              | ) |                      |

MEMORANDUM & ORDER

GORTON, J.

This case arises out of a habeas petition filed by Michael D. Scott ("Scott" or "petitioner") who is incarcerated after conviction for various crimes, including wire fraud, mortgage fraud, bank fraud and money laundering. Pending before the Court is the motion of Scott to vacate his conviction pursuant to 28 U.S.C. § 2255.

I.  Background

A.  Parallel Proceedings

In August, 2010, Scott was indicted on 62 counts of wire fraud, in violation of 18 U.S.C. § 1343, bank fraud, in violation of 18 U.S.C. § 1344, and unlawful monetary transaction, in violation of 18 U.S.C. § 1957 for perpetrating a

mortgage fraud scheme between 2006 and 2008 throughout the Boston area. Scott pled guilty before United States District Judge Richard G. Stearns in May, 2015, and was sentenced to 135 months' imprisonment. Scott appealed, and in December, 2017, the First Circuit Court of Appeals affirmed. He petitioned the United States Supreme Court for a writ of certiorari, which was denied. In June, 2018, Scott filed a § 2255 petition, alleging ineffective assistance of counsel and prosecutorial misuse of immunized information. That petition remains pending before Judge Stearns.

B. Proceedings in This Session

In March, 2014, while Scott's criminal case before Judge Stearns was pending, the government found evidence that Scott had committed additional wire fraud between 2011 and 2013. The government brought charges against Scott for those crimes and that case was assigned to this session. In January, 2016, Scott pled guilty and he was sentenced to a term of incarceration of 41 months, all but 12 months of which was to be served concurrently with the 135-month sentence imposed by Judge Stearns.

Scott appealed and the First Circuit affirmed in an opinion issued on the same day as its opinion affirming Scott's conviction before Judge Stearns. Scott also petitioned the

United States Supreme Court for a writ of certiorari on that conviction and that writ was denied.

In December, 2018, Scott filed a habeas petition pursuant to 28 U.S.C. § 2255 challenging both his plea and the sentence in this case. He alleges ineffective assistance of counsel, lack of subject matter jurisdiction and breach of the plea agreement by the government. Scott also filed a motion to disqualify the judicial officer assigned to this session pursuant 28 U.S.C. § 455(a).

In January, 2019, the government filed a motion for an order of the Court ruling that Scott has waived his attorney-client privilege by claiming ineffective assistance of counsel in his § 2255 petition. The government submits that it is entitled to

> all communications, correspondence, notes, memoranda, documents and information reasonably necessary to respond.

It further requests an extension of the deadline for it to respond to Scott's motion until after it receives the requested documentation.

In February, 2019, Scott assented to the government's request for additional time but only with respect to the Court's consideration of his claim of ineffective assistance of counsel.

He maintains that the Court should decide his claim of lack of subject matter jurisdiction without further delay.

In July, 2019, Scott filed a motion for a status update and again requested that the Court proceed on his jurisdictional claim. The government responded, citing several reasons for the delay and contesting Scott's jurisdictional argument. In August, 2019, Scott submitted an identical motion for status update and request to proceed. Finally, Scott filed a motion requesting the court resume the adjudication of his § 2255 petition under the presumption that this Court had suspended consideration of his petition in response to the government's request.

In summary, there are six motions pending before this Court: (1) Scott's § 2255 motion to vacate (Docket No. 201), (2) Scott's motion for recusal (Docket No. 204), (3) the government's motion for an order regarding waiver of attorney-client privilege (Docket No. 208), (4) Scott's motion for a status update and request to proceed (Docket No. 214), (5) Scott's "assent motion" to the government's request for an extension of time (Docket No. 199), and (6) Scott's motion to continue the adjudication of his petition (Docket No. 221).

## II. Motion for Waiver of Attorney-Client Privilege

The government requests "all information relevant to Scott's ineffective assistance claims" from Scott's previous attorneys. Scott responds that the government's request is overly broad insofar as it requests information from "a myriad of attorneys who are clearly unrelated" to his claims.

In his § 2255 petition, Scott maintains that his counsel failed: (1) to review the PSR and sentencing memoranda with him, (2) to object to the Court's "insertion [of itself] into plea negotiations", (3) to advise Scott that by proceeding to sentencing without a plea he could face a harsher sentence than the one outlined in the plea, (4) to bring to the Court's attention the government's breach of the plea agreement, and (5) to move to dismiss the indictment for lack of subject matter jurisdiction.

Scott nonetheless opposes the government's request to waive attorney-client privilege on the grounds that prior counsel does not possess any documents or information relevant to those claims. He cites one relevant case in support of his argument: United States v. Adams, No. 09-cr-40027, 2015 U.S. Dist. LEXIS 99030 at *3 (D. Mass. July 28, 2015). There, United States District Judge F. Dennis Saylor IV noted that the government's request for previously privileged materials could be seen as

overly broad because attorney-client privilege is waived by an assertion of ineffective assistance, only "to the extent that communications . . . are relevant to prove or disprove" the claim. Id. at *3-*4.

Contrary to Scott's assertions, the government in this case has asked for just that: waiver of attorney-client privilege over communications related to Scott's five grounds proffered in support of his claim of ineffective assistance. The order proposed by the government further provides former counsel with an opportunity to explain to the Court the extent to which they possess responsive information.

Scott argues, in the alternative, that any order of this Court waiving privilege should track an order entered by Judge Stearns in Scott's parallel § 2255 action. In that proceeding, Scott similarly asserts ineffective assistance of counsel and, with Scott's consent, Judge Stearns entered an order waiving privilege with respect to three of Scott's prior attorneys: William Kettlewell, William Keefe and Sara Silva. In this case, however, the government requested materials from three additional attorneys, William P. Boland, Scott F. Gleason and Lisa Adlin, but not from William Keefe. For that reason, the order entered by Judge Stearns does not address the government's

request for information it purportedly needs to respond in this action.

The attorneys from whom the government requests information were involved in various aspects of Scott's criminal representation in this Court. For example, one of Scott's claims asserts he received ineffective assistance because counsel failed to argue that the indictment did not establish subject matter jurisdiction. Such an objection could have been raised at any time throughout the criminal proceedings and thus could implicate several attorneys. See Bus. Buyers of New England, Inc. v. Gurham, 754 F.2d 1, 2 (1st Cir. 1985) (per curiam).

Accordingly, the government's motion that the defendant has waived his attorney-client privilege will be allowed. Furthermore, the Court will deny Scott's multiple requests for the Court to rule on his jurisdictional claim which he maintains is unaffected by the government's waiver request. It would waste judicial resources and interject uncertainty in these proceedings if the Court were to sever and proceed to the merits on Scott's jurisdictional claim while waiting for the government to review new materials and respond to his claim of ineffective assistance of counsel. Consequently, the Court will reserve any

ruling on the merits of Scott's jurisdictional claim and his motions requesting otherwise will be denied.

III. **Motion for Recusal/Disqualification**

Scott moves to disqualify the judicial officer assigned to this session pursuant to 28 U.S.C. § 455(a). He offers a litany of grievances ranging from prior adverse rulings to this Court's rejection of his plea agreement. Chiefly, Scott maintains that the judge impermissibly participated in plea negotiations.

In the First Circuit, the issue to be determined with respect to the recusal of the presiding judge is:

> whether the charge of impartiality is grounded in facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge . . . or necessarily in the mind of the litigant . . . but rather in the mind of the reasonable man.

United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1997). Litigants cannot meet that standard by simply complaining of adverse rulings. United States v. Gonzalez-Gonzalez, 362 F. Supp. 3d 62, 70 (D.P.R. 2019). Judicial remarks, on the other hand, can warrant recusal if they reflect "considered judgment," rather than "casual, loose" statements. United States v. Chantal, 902 F.2d 1018, 1020 (1st Cir. 1990). When considering motions to recuse, a judicial officer must ensure that the motion does not simply reflect a desire of the litigant to have the case referred to a different judge. Arkansas Teacher Ret.

Sys. v. State St. Bank & Tr. Co., 404 F. Supp. 3d 486, 494 (D. Mass. 2018) (noting that an extra judicial source of bias is almost always required to meet the standard for § 455(a) recusal).

Here, petitioner's grievances stem from information acquired by this judicial officer during the course of petitioner's case. Furthermore, such matters were presented in petitioner's appeal and were deemed harmless error by the First Circuit. See United States v. Scott, 877 F.3d 42 (1st Cir. 2017). Petitioner's grievances fall short of the standard for recusal and, therefore, his motion will be denied.

The final pleading of concern is an "assent motion" by Scott that apparently constitutes his assent to the government's request for additional time to respond to his motion to pursue forfeitable funds. That substantive motion was denied in July, 2019. Consequently, Scott's "assent motion" which is not, in fact, a motion will in any event, be denied as moot.

ORDER

For the foregoing reasons,

a) the motion of the government for an order regarding waiver of attorney-client privilege (Docket No. 208) is **ALLOWED**;

b) the motion of petitioner for a status update (Docket No. 214) is **DENIED**;

c) the motion of petitioner for the Court to continue adjudication of his petition (Docket No. 221) is **DENIED**;

d) the motion of petitioner for recusal or disqualification (Docket No 204) is **DENIED**; and

e) the "assent motion" of petitioner regarding the government's request for an extension of time (Docket No. 199) is **DENIED as moot**.

The government is directed to file an updated response to Michael Scott's petition for habeas corpus on or before June 30, 2020.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated March 27, 2020