United States District Court

District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Criminal Action No. |
| ) | | 14-cr-10074-NMG |
| Michael David Scott, ) | | |
| ) | | |
| Defendant. ) | | |
| ) | | |

**MEMORANDUM & ORDER**

**GORTON, J.**

On September 10, 2020, this Court dismissed the habeas petition of Michael David Scott ("Scott"). On September 25, 2020, the First Circuit Court of Appeals ("the First Circuit") directed this Court to issue or deny a certificate of appealability for his petition. For the following reasons, this Court will deny such a certificate.

## I.   Background

In May, 2015, Scott pled guilty before United States District Judge Richard G. Stearns to 62 counts of wire fraud, in violation of 18 U.S.C. § 1343, bank fraud, in violation of 18 U.S.C. § 1344, and unlawful monetary transaction, in violation

of 18 U.S.C. § 1957, for perpetrating a mortgage fraud scheme between 2006 and 2008 throughout the Boston area. Judge Stearns sentenced Scott to 135 months of imprisonment, which was affirmed on appeal. In June, 2018, Scott filed a § 2255 petition, alleging ineffective assistance of counsel and prosecutorial misuse of immunized information. That petition remains pending before Judge Stearns.

In 2014, while Scott's criminal case before Judge Stearns was pending, the government found evidence that Scott had committed additional wire fraud, in violation of 18 U.S.C. § 1343, between 2011 and 2013. The government filed new charges against him and that case was assigned to this session.

In late 2015, Scott entered into a plea agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(C) ("C Plea"). After the Court rejected the C Plea, Scott agreed to proceed to sentencing without a plea agreement. The Court sentenced Scott to a term of incarceration of 41 months, all but 12 months of which was to be served concurrently with the 135-month sentence imposed by Judge Stearns.

Scott promptly appealed his conviction and sentence to the First Circuit, which affirmed this Court's sentence.

In December, 2018, Scott filed a habeas petition pursuant to 28 U.S.C. § 2255 challenging both his plea and sentence. He

alleges ineffective assistance of counsel on several grounds. Scott also filed a motion to disqualify the judicial officer assigned to this session pursuant 28 U.S.C. § 455(a).

In January, 2019, the government filed a motion seeking waiver of Scott's attorney-client privilege because of his claim of ineffective assistance of counsel.  In March, 2020, this Court allowed the government's motion, denied petitioner's motion for recusal and directed the government to respond to Scott's § 2255 petition.  The government filed such a response in July, 2020.

On September 10, 2020, this Court entered an order denying Scott's § 2255 habeas petition.  Scott promptly filed a notice of appeal and this is to comply with the request of the First Circuit to issue or deny a certificate of appealability.

## II.  **Certificate of Appealability**

### A.  **Legal Standard**

Section 2253(c) of Title 28 of the United States Code provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In order to make a "substantial showing", a petitioner seeking a COA must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

> presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). To meet the standard of debatable-among-jurists-of-reason the petitioner must prove "something more than the absence of frivolity or the existence of mere good faith." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003).

### B.   Application

Scott seeks relief pursuant to § 2255 on grounds of ineffective assistance of counsel resulting from trial counsel's alleged failure: (1) to review thoroughly with him the presentence report ("PSR") and the victims' sentencing memorandum ("Victims' Memo"); (2) to object to this Court's allegedly improper intrusion in plea negotiations; (3) to advise Scott of the potential consequences of proceeding to sentencing without a plea agreement; (4) to bring to this Court's attention the government's alleged breach of the plea agreement; and (5) to move to dismiss the indictment for lack of subject matter jurisdiction with respect to Count V.

Reasonable jurists would not debate whether Scott's habeas petition should have been decided differently.

As a preliminary matter, Scott's first two claims had already been raised and rejected by the First Circuit on direct appeal. Scott has merely repackaged his allegations as

- 4 -

ineffective assistance claims.  It is well-settled, however, that a petitioner may not use § 2255 proceedings as a mechanism to re-litigate claims heard and disposed of on appeal absent some intervening change in the law.  See Argencourt v. United States, 78 F.3d 14, 16 n. 1 (1st Cir. 1996); United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990).  On direct appeal, the First Circuit held that the conduct underlying each of Scott's first two claims constituted harmless error at most.  United States v. Scott, 877 F.3d 42, 48-50 (1st Cir. 2017).  Scott also has not identified any intervening change in the law that would allow him to relitigate those claims.  Therefore, a reasonable jurist could not debate whether this Court properly denied Scott's petition with respect to the claims previously rejected by the First Circuit.

With respect to Scott's third claim, the record indicates that Scott received ample notice of the potential outcome in the absence of a plea agreement.  First, it is clear that Scott was provided time to consult with counsel prior to sentencing and he was advised of the possible consequences of proceeding without a written plea agreement.  Second, even if counsel failed to impress upon him the possibility of a longer sentence than that agreed to in the C Plea, Scott acknowledged his understanding of the consequences of proceeding without a plea in that agreement, at his change of plea hearing and prior to his sentencing.

Because Scott has proffered no evidence to cast doubt on the effectiveness of the several warnings, he has failed to make a substantial showing of entitlement to habeas relief as to that claim.

Similarly, the record provides no support for Scott's fourth claim that counsel improperly failed to alert the Court of the government's alleged breach of the plea agreement.  This Court rejected the C plea as providing for an insufficient sentence, rendering the agreement null and void.

Finally, Scott contends that the language of the indictment limited any interstate nexus to electronic mail ("email") communications and not to the wire transaction that is the subject of Count V, thereby depriving this Court of subject matter jurisdiction as to that count.  That claim is clearly without merit because subject matter jurisdiction was properly alleged in the indictment.  An indictment is sufficient if it

> contains the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and enables him to enter a plea without fear of double jeopardy.

United States v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993).  The indictment may use the language of the relevant statute if accompanied by the facts and circumstances of the specific offense. See Hamling v. United States, 418 U.S. 87, 117-18 (1974).  Here, the indictment clearly alleges the use of "wire

communication in interstate commerce" with respect to each count "as follows," including Count V.  Furthermore, Count V contains a detailed description of the specific wire transaction that includes an exact dollar amount and bank account numbers.  As such, reasonable jurists could not debate whether the indictment properly alleged all elements of wire fraud, including the jurisdictional elements.

Accordingly, the certificate of appealability with respect to Scott's habeas petition will be denied.

### ORDER

For the foregoing reasons, with respect to Scott's habeas petition, a certificate of appealability is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton<br>Nathaniel M. Gorton<br>United States District Judge

Dated October 9, 2020