United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 14-10074-NMG |
| Michael David Scott, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM & ORDER

GORTON, J.

Before the Court is the motion of pro se defendant Michael David Scott ("defendant" or "Scott") to discharge the federal restitution lien recorded against his property at 8 Tiffany Road in Bourne, Massachusetts ("the Property") (Docket No. 246). For the following reasons that motion will be denied.

I.    **Background**

In 2016, Scott pled guilty to wire fraud and was sentenced to 41 months in prison. He was also ordered to pay restitution in the amount of $265,535, forfeiture of $199,000 in forfeiture and a $100 special assessment. Shortly thereafter, the government recorded a federal restitution lien against the Property and other real property owned by defendant. In 2024, Scott applied $200,363 toward his restitution through the sale of other real property on which the government had a similar lien. A sale of the Property was discussed but not consummated.

-1-

As of the date of the filing of the government's opposition to Scott's motion, the government reports the balance due on Scott's restitution is $65,272 but, after checking the arithmetic, it is actually $65,172.

## II.  Motion to Discharge Restitution Lien

Scott contends that the lien against the Property must be discharged based upon the recent decision of the United States Supreme Court in Ellingburg v. United States, 607 U.S. 163 (2026).  In that case, the Supreme Court found that restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA") is a criminal penalty for purposes of the Ex Post Facto Clause. Ellingburg, 607 U.S. at 166 (2026).  He contends that the ruling renders the order of restitution in his case unlawful under Apprendi v. New Jersey, 530 U.S. 466 (2000).

Scott is mistaken.  Under Apprendi, any fact that increases the penalty for a crime beyond the statutory maximum must be found by a jury beyond a reasonable doubt. 530 U.S. at 490.  The First Circuit Court of Appeals has found that, because the MVRA requires the court to determine the actual amount of loss, there is no statutory maximum beyond which a court can impose restitution. United States v. Vega-Martinez, 949 F.3d 43, 55 (1st Cir. 2020).  Apprendi, therefore, does not apply to restitution under the MRVA. Id.

-2-

That the Supreme Court in Ellingburg found restitution to be a criminal penalty for purposes of the Ex Post Facto Clause is immaterial to that conclusion. The determination that the MVRA contains no statutory maximum stands regardless of whether restitution is properly considered to be a civil remedy or criminal penalty. Under either classification, Apprendi does not apply and the order of restitution against Scott remains valid.

## ORDER

For the following reasons, the motion to discharge the restitution lien (Docket No. 246) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: June 30, 2026

-3-