United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>        v.<br><br>Michael David Scott,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Criminal Action No.<br>)   14-10074-NMG<br>)<br>)<br>)<br>) |

MEMORANDUM & ORDER

GORTON, J.

Before the Court are two motions of Eunice M. James-Scott ("Ms. James-Scott"), wife of pro se defendant Michael David Scott ("defendant" or "Scott"). The first motion is to subordinate (or, in the alternative, release) the federal restitution lien recorded against Scott's property at 8 Tiffany Road in Bourne, Massachusetts ("the Property") (Docket No. 255). Ms. James-Scott also moves the Court to direct a third-party to disclose a settlement in a separate case for purposes of restitution accounting. Both motions will be denied for the following reasons.

I.   Discussion

In 2016, in connection with restitution owed in two separate criminal cases, the government recorded two federal restitution liens against the Property. The combined restitution balance is over $11 million.

-1-

As a threshold matter, the government correctly asserts that Ms. James-Scott has no standing to intervene in this criminal case.  While her motions concern liens recorded against the Property of which she is presumably a co-owner, she is not entitled to file motions on behalf of her husband with respect to his criminal restitution.  The Court will nonetheless briefly address both motions on their merits.

A. **Motion to Subordinate or Release Federal Restitution Lien**

Ms. James-Scott's first motion requests the Court either 1) to subordinate the federal restitution lien to a proposed second mortgage for purposes of paying medical expenses and educational costs or 2) to approve a "compromise payment" of $10,000 in consideration for release of the lien.[1]

Both requests are necessarily denied.  First, Ms. James-Scott points to no authority of the Court to subordinate a federal restitution lien to any other interest in the Property. Federal liens are governed by the "first in line, first in right" rule, meaning that a first-attached federal lien has priority over a subsequently-attached interest. See Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1234 (1st Cir. 1996).  The Court has no authority to impose the

---

[1] The motion refers to a restitution balance of $65,000, while the government indicates there is an actual restitution balance of over $11 million.

requested subordination and, even if it did, finds no good reason to do so.

The Court is similarly without authority to release the lien in return for a $10,000 compromise payment.  Ms. James-Scott cites 18 U.S.C. §3613(b) for the proposition that federal restitution liens may be remitted, set aside or released.  That statute provides that the liability to pay a fine expires 20 years after the entry of judgment or release from imprisonment but grants no discretion to release a lien by the method requested.  The motion will therefore be denied.

### B. Motion to Compel Disclosure of Settlement Agreement

Alternatively, Ms. James-Scott moves the Court to direct Teresa Wang to disclose to the Court the settlement in Wang v. Scott, Suffolk Superior Court No. SUC2013-04251.  Under 18 U.S.C. §3664(j), an order of restitution is to be reduced by any amount later recovered by the victim as compensatory damages for the same loss in any state or federal civil proceeding.  The burden of establishing the existence of such a double payment lies with the defendant.  See United States v. Parsons, 141 F.3d 386, 393 (1st Cir. 1998).

Neither Scott nor Ms. James-Scott has made any indication that the settlement in Wang v. Scott should be considered "compensatory damages" for the "same loss" used to calculate

-3-

Scott's restitution.  Relief under the cited statute is unwarranted and motion will therefore be denied.

### ORDER

For the forgoing reasons, the motion to subordinate or release the restitution lien (Docket No. 255) and the motion compel disclosure of settlement (Docket No. 256) are **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: August **11** , 2026